FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 NOV 13  PM 12: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SMOOTHIE KING FRANCHISES, INC, a Louisiana Corporation,  Plaintiff, | Civil Action File No | 03-3203 SECT. I MAG. 2 |
| v | | |
| CAMPBELL SOUP COMPANY, a New Jersey Corporation,  Defendant. | Judge  Magistrate Judge | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND UNFAIR TRADE PRACTICES

Plaintiff Smoothie King Franchises, Inc. ("Plaintiff") for its Complaint against Defendant Campbell Soup Company ("Defendant") alleges as follows:

This is an action for trademark infringement, unfair competition, dilution, and unfair trade practices arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*; the Louisiana Trademark Act, La. Rev Stat. Ann. §§ 51 211, *et seq.*; the Louisiana Antidilution Statute, La. Rev. Stat Ann. § 51:223.1; and the Louisiana Unfair Trade Practices and Consumer Protection Law, La Rev. Stat. Ann. §§ 51:1401, *et seq*  This action is based on Defendant's

445019 2

___ Fee $150 00
___ Process Caa ① sms
_X_ Dktd Caa
___ CtRmDep___
___ Doc. No. 1

unauthorized and wrongful use of Plaintiff's registered trademark LEMON TWIST as a brand name for nutritional juice drinks which Defendant is selling and advertising in the State of Louisiana and throughout the United States.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and the parties under Section 39 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court's jurisdiction over the Louisiana statutory claims arises under 28 U.S.C § 1338 because those claims are joined with substantial and related claims under federal trademark law, and under 28 U S.C. § 1367, under this Court's supplemental jurisdiction.

2. Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S C. § 1391, because the acts complained of occurred and are occurring in interstate commerce in the Eastern District of Louisiana; Defendant does business in the Eastern District of Louisiana, and Plaintiff maintains an office and does business in the Eastern District of Louisiana.

## PARTIES

3. Plaintiff Smoothie King Franchises, Inc., is a Louisiana Corporation with its headquarters located at 2400 Veterans Memorial Boulevard, Kenner, Louisiana 70062  Plaintiff regularly conducts a substantial amount of business in this judicial district. Plaintiff's primary

445019 2

2

business is the franchising of SMOOTHIE KING juice bars/stores, which sell nutritional fruit and juice drinks under various brand names, including semi-frozen blended drinks known as "smoothies," and other nutritional beverages and food products.

4. Defendant Campbell Soup Company, on information and belief, is a New Jersey Corporation with its headquarters at 1 Campbell Place, Camden, New Jersey 08103, which and regularly conducts business and sells products to customers in this judicial district. On further information and belief, Defendant's business consists of producing and marketing a variety of foods and beverages under many different brand names, including juice drinks.

## FACTUAL BACKGROUND

5. Plaintiff is a juice bar/food and beverage store franchise company. For over 30 years, Plaintiff and its franchisees have been well known as a source of nutritional fruit and juice drinks, including semi-frozen blended drinks known as "smoothies," and other nutritional food products, sold through SMOOTHIE KING stores under a variety of trademarks, including SMOOTHIE KING and LEMON TWIST. There are currently over 315 SMOOTHIE KING franchises in 34 states in the United States. Plaintiff has also franchised SMOOTHIE KING stores outside the United States

6. All but one of Plaintiff's SMOOTHIE KING stores are independently owned and operated. Plaintiff licenses its valuable trademarks, including SMOOTHIE KING and LEMON TWIST, to its franchisees for use in connection with nutritional fruit and juice drinks and smoothies  All use of said marks inures to the benefit of Plaintiff.

445019 2

7.  In addition to nutritional fruit and juice drinks and smoothies, Plaintiff and its franchisees offer a selection of nutritional food products, including vitamins, sports nutrition supplements, and healthy foods under the SMOOTHIE KING mark.

8.  Plaintiff is well known throughout the United States. Plaintiff and its SMOOTHIE KING stores have been advertised via at least the following media: newspaper ads, magazine ads, television commercials, radio commercials, direct mail, an Internet web site, store displays and sponsorship of charitable athletic events

9.  Plaintiff's SMOOTHIE KING stores have been named the #1 rated juice bar franchise in the United States for fourteen consecutive years by Entrepreneur Magazine

10. Plaintiff has been headquartered in the New Orleans metropolitan area since 1989 There are approximately sixty-five SMOOTHIE KING stores in Louisiana, including approximately ten in the New Orleans metropolitan area.

11. SMOOTHIE KING stores are usually stand-alone stores with their own outdoor entrances, and are often next to or part of outdoor strip shopping malls of varying sizes  Many of these shopping malls also contain convenience stores, grocery stores, or other stores that sell packaged food and beverages

12. At least as early as January 1991, Plaintiff and its franchisees began using the trademark LEMON TWIST in connection with nutritional non-alcoholic juice drinks and semi-frozen drinks (smoothies) containing natural ingredients and fruit or other flavorings sold in

Louisiana. Plaintiff's and its franchisees' use of LEMON TWIST in states outside of Louisiana began at least as early as July 1992.

13. Plaintiff is the owner of U S Trademark Reg No 2,011,707 for the mark LEMON TWIST for non-alcoholic frozen drinks containing natural ingredients and fruit or other flavorings, which issued on October 29, 1996, based on an application filed August 8, 1995. A copy is attached as Exhibit A. This registration is incontestable; it constitutes conclusive evidence of the trademark's validity, the validity of the registration, Plaintiff's ownership of the trademark and Plaintiff's exclusive right to use the trademark in commerce; and it provides constructive notice of Plaintiff's ownership of the trademark, all pursuant to Sections 7, 15, 22 and 33 of the Trademark Act of 1946, 15 U.S.C. §§ 1057, 1065, 1072 and 1115.

14. Plaintiff owns a Louisiana State Trade Name Registration issued on April 2, 1992, for LEMON TWIST. A copy is attached as Exhibit B.

15. Plaintiff and its franchisees advertise Plaintiff's LEMON TWIST mark on menu boards, signs, paper menus, brochures, mailers, and in other ways. Additionally, Plaintiff maintains an interactive website on the Internet accessible under the domain name www.smoothieking.com   Plaintiff's website features the LEMON TWIST mark at www.smoothieking.com/smoothies-lowfat.html.

16. Plaintiff's LEMON TWIST mark is a distinctive indicator of Plaintiff and its franchisees as the exclusive source of their nutritional fruit and juice drinks.

445019 2

17. On information and belief, long after Plaintiff first began using its LEMON TWIST mark and registered said mark, Defendant began using the identical mark LEMON TWIST in a very prominent manner as a brand name for a variety of its V8 nutritional juice drink containing fruit and vegetable juice.

18. On information and belief, Defendant had knowledge of Plaintiff's use of, federal registration of, state registration of, and rights to LEMON TWIST at the time Defendant adopted and first used the identical mark LEMON TWIST.

19. On information and belief, Defendant is currently using and heavily advertising its LEMON TWIST brand juice.

20. On information and belief, Defendant's use of LEMON TWIST as a brand name for a nutritional juice drink, and the promotion and advertisement of its LEMON TWIST product, is nationwide in scope. The LEMON TWIST trademark has been prominently featured in commercials aired on major broadcast and cable television networks, in magazines distributed nationwide, and on labels affixed to bottles of the juices. A sample of Defendant's use of the LEMON TWIST mark on said labels is attached as Exhibit C On information and belief, Defendant's LEMON TWIST juice is being sold throughout the United States in convenience stores, grocery stores, shopping malls, and in other retail outlets

21. Defendant's use of LEMON TWIST is identical to and likely to cause confusion with Plaintiff's LEMON TWIST mark.

445019.2

6

22. The goods for which Defendant uses the mark LEMON TWIST are closely related to the goods sold by Plaintiff under its LEMON TWIST mark and for which Plaintiff has registered its LEMON TWIST mark.

23. Defendant also currently produces and markets V8 nutritional fruit juice "smoothies" (under trademarks other than LEMON TWIST).

24. Plaintiff notified Defendant of its prior rights in the LEMON TWIST mark, and of its concerns surrounding Defendant's use of LEMON TWIST  Defendant has indicated that it will not cease using the LEMON TWIST mark and, in fact, continues to use said mark.

25. Defendant's actions are likely to cause confusion, mistake and/or deception of members of the public and injury to Plaintiff's goodwill in its LEMON TWIST mark, and are likely to cause injury to Plaintiff's business reputation and/or dilution of the distinctive quality of Plaintiff's LEMON TWIST mark, for which Plaintiff has no adequate remedy at law, as well as pecuniary damage to Plaintiff

## COUNT I
### Federal Trademark Infringement

26. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 25 above as if fully set forth herein.

27. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark infringement under the statutory laws of the

445019 2

United States, which acts give rise to a cause of action under Section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1).

28. Upon information and belief, Defendant has used and is using in interstate commerce the mark LEMON TWIST on labels and in advertising in connection with a nutritional juice drink. Defendant's conduct is likely to cause confusion or mistake, and/or is likely to deceive, as to the source of Defendant's and/or Plaintiff's goods offered for sale under the LEMON TWIST mark, and/or is likely to induce the belief, contrary to fact, that Defendant's goods are sponsored, endorsed, approved by, or otherwise connected with Plaintiff or Plaintiff's franchisees, and/or that Plaintiff's or its franchisees' goods or services are sponsored, endorsed, approved by, or otherwise connected with Defendant.

29. On information and belief, Defendant had actual knowledge of Plaintiff's prior rights in and Plaintiff's registration of the LEMON TWIST mark when it engaged in the conduct complained of herein. Thus, Defendant has willfully, deliberately and maliciously engaged in the aforesaid acts with an intent to injure Plaintiff and to deceive the public, within the meaning of 15 U.S.C. § 1114(1).

30. All of Defendant's acts were and are performed without the permission, license or consent of Plaintiff.

31. Defendant's acts have damaged and impaired that part of Plaintiff's goodwill symbolized by the LEMON TWIST mark in an amount to be determined at trial. Furthermore, Defendant has profited from these unlawful acts.

32. Plaintiff is entitled to recover its actual damages, Defendant's profits, treble damages, attorneys' fees, and/or costs.

33. Defendant's acts of infringement have caused injury to the public and have caused Plaintiff irreparable injury, loss of reputation and good will, and pecuniary damages. Unless enjoined by this Court, Defendant will continue these acts of infringement, to Plaintiff's immediate and irreparable damage.

## COUNT II
### Federal Unfair Competition

34. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 33 above as if fully set forth herein.

35. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of unfair competition under the statutory laws of the United States, which acts give rise to a cause of action under Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

36. Defendant's intentional and unlawful use of the LEMON TWIST mark constitutes unfair competition, false designation of origin, false description and misleading representation as to the source of Defendant's and/or Plaintiff's goods or services offered for sale under the LEMON TWIST mark, and/or is likely to induce the belief, contrary to fact, that Defendant's goods are sponsored, endorsed, approved by, or otherwise connected with Plaintiff or Plaintiff's

franchisees, and/or that Plaintiff's or its franchisees' goods or services are sponsored, endorsed, approved by, or otherwise connected with Defendant.

37. Defendant's acts have damaged and impaired that part of Plaintiff's goodwill symbolized by the LEMON TWIST mark in an amount to be determined at trial. Furthermore, Defendant has profited from these unlawful acts.

38. Plaintiff is entitled to recover its actual damages, Defendant's profits, treble damages, attorneys' fees, and/or costs.

39. Defendant's acts of unfair competition, false designation of origin, false description and misleading representation have caused injury to the public and have caused Plaintiff irreparable injury, loss of reputation and goodwill, and pecuniary damages. Unless enjoined by this Court, Defendant will continue the acts complained of herein, to Plaintiff's immediate and irreparable damage

## COUNT III
### Trademark Infringement Under the Statutory Laws of the State of Louisiana
(La. Rev. Stat. Ann. §§ 51:211, *et. seq.*)

40. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 39 above as if fully set forth herein.

41. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark infringement under the laws of Louisiana, which acts give rise to a cause of action under La. Rev. Stat. Ann. §§ 51:211, *et. seq.*

42. Defendant has used, without Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's LEMON TWIST mark, which is the subject of a Louisiana State Trade Name Registration issued on April 2, 1992, in connection with the sale, offering for sale and advertising of goods, which use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods.

43. Defendant has, without Plaintiff's consent, reproduced, counterfeited, copied, or colorably imitated Plaintiff's LEMON TWIST mark and applied it to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used upon, or in conjunction with, the sale or other distribution in Louisiana of such goods.

44. Defendant's acts have been committed with the knowledge that its use of LEMON TWIST is intended to cause confusion or mistake or to deceive.

45. The foregoing acts of Defendant are in violation of La. Rev. Stat. Ann. §§ 51 211, *et. seq.*

46. Plaintiff is entitled to recover all profits derived from and damages suffered as a result of the above acts of infringement by Defendant.

47. Defendant's acts of infringement have caused Plaintiff pecuniary damage, irreparable injury and loss of reputation. Unless enjoined by this Court, Defendant will continue these acts of infringement, to Plaintiff's immediate and irreparable damage.

## COUNT IV
### Trademark Dilution Under The Statutory
### Laws Of The State Of Louisiana
### (La. Rev. Stat. Ann. § 51:223.1)

48.	Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 47 above as if fully set forth herein.

49.	As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in willful and deliberate acts of trademark dilution and injury to business reputation within the meaning of La. Rev. Stat. Ann § 51:223.1.

50.	The trademark LEMON TWIST has become a valuable asset and a well-known symbol of the goodwill established by Plaintiff in Louisiana.

51.	The Louisiana public has come to associate Plaintiff's trademark with goods of high quality, and the LEMON TWIST mark is a distinctive indicator of Plaintiff's goods

52.	Defendant has used and is using a name and mark in Louisiana that is confusingly similar to the well-known and distinctive mark LEMON TWIST in connection with the offering and sale of goods. Defendant's conduct has damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by the distinctive trademark LEMON TWIST to Plaintiff's immediate, continuing, and irreparable damage.

53.	Defendant's conduct complained of herein is likely to create an injury to Plaintiff's business reputation and/or a dilution of the distinctive quality of the trademark

445019 2

LEMON TWIST within the meaning of La. Rev. Stat. Ann. § 51:223.1. Therefore, Plaintiff is entitled to the remedies provided pursuant to that statute.

54. Defendant's acts of dilution have caused Plaintiff immediate and irreparable injury, loss of reputation, and pecuniary damages. Unless enjoined by this court, Defendant will continue these acts of trademark dilution, to Plaintiff's immediate and irreparable damage.

### COUNT V
### Violations of Louisiana Unfair Trade Practices
### And Consumer Protection Law
### (La. Rev. Stat. Ann. §§ 51:1401 *et seq.*)

55. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 54 above as if fully set forth herein.

56. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et seq.*

57. Defendant's intentional and unlawful use of the LEMON TWIST mark in Louisiana constitutes unfair competition, a false designation of origin, a false description and a misleading representation as to the source of Defendant's and/or Plaintiff's goods offered for sale. Upon information and belief, Defendant has used and is using in Louisiana commerce the mark LEMON TWIST on labels and in advertising in connection with a nutritional juice drink. Defendant's conduct is likely to cause confusion or mistake, and/or is likely to deceive, as to the

445019 2

source of Defendant's and/or Plaintiff's goods offered for sale under the LEMON TWIST mark, and/or is likely to induce the belief, contrary to fact, that Defendant's goods are sponsored, endorsed, approved by, or otherwise connected with Plaintiff or Plaintiff's franchisees, and/or that Plaintiff's or its franchisees' goods or services are sponsored, endorsed, approved by, or otherwise connected with Defendant.

58.    The foregoing acts of Defendants are in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann §§ 51:1401, *et seq.*

59.    As a result of Defendant's use or employment of unfair or deceptive methods, acts, or practices, Plaintiff has been, and will continue to be, damaged by Defendant's actions in an amount to be determined at trial and, additionally, in a manner and amount that cannot be fully measured or compensated in economic terms. The actions of Defendant have damaged, and will continue to damage, Plaintiff's business, market, reputation, and goodwill  Such irreparable damage will continue unless the acts of the Defendant are enjoined.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)    That, pursuant to 15 U.S.C. § 1116, and the law of the State of Louisiana, Defendant, and each of its agents, servants, employees, attorneys, officers, subsidiaries, parents, and all others in privity and acting in concert with them, shall be permanently enjoined from:

    (a)    Using the name, mark or designation LEMON TWIST, or any term confusingly similar to Plaintiff's LEMON TWIST mark, on or in the advertising

445019.2

or sale of any food or beverage products or services including, but not limited to, juices;

(b) Using in any manner any trademark, service mark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof which would imitate, resemble or suggest Plaintiff's LEMON TWIST mark;

(c) Otherwise infringing or diluting Plaintiff's LEMON TWIST mark; and

(d) Unfairly competing with Plaintiff

(2) That, pursuant to 15 U.S.C. §1118 and the law of the State of Louisiana, Defendant shall be directed to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles, computer files, electronic tapes, video recordings, hard drives, computer disks or other computer memory, and all other materials in its possession, custody or control bearing the name or mark LEMON TWIST, or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's LEMON TWIST mark, and all plates, molds, matrices, and other means of making or duplicating the same.

(3) That, pursuant to 15 U.S.C. §1117, and the law of the State of Louisiana, Defendant shall account and pay to Plaintiff all the profits which are attributable to Defendant's sale of products under the infringing name and mark, and further that the amount of the monetary

445019 2

award granted herein be increased in view of the willful and deliberate nature of Defendant's unlawful conduct.

(4)     That, pursuant to 15 U.S.C. §1117, Defendant shall pay to Plaintiff all costs and fees incurred in connection with this action, including attorneys' fees.

(5)     That Plaintiff shall be granted such other, further, different or additional relief as the Court deems equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all counts in this Complaint

445019 2

WHEREFORE, Plaintiff, Smoothie King, prays that Defendant, Campbell Soup Company, be duly cited to appear and answer this Complaint and Jury Trial Demand, and after due proceedings there be a judgment herein in favor of Plaintiff, and against Defendant, as detailed in the foregoing Complaint and Jury Trial Demand, and that the Court grant Plaintiff's request for injunctive relief, and award Plaintiff any further relief to which it is entitled, including actual damages, lost profits, treble damages, attorneys' fees and costs.

          Respectfully submitted,

          Mark N. Mallery, T.A., (La. Bar No. 17666)
          Reginald C. Johnson (La. Bar No. 25729)
          McGlinchey Stafford PLLC
          643 Magazine Street
          New Orleans, Louisiana 70130-3477
          Telephone: (504) 596-2736
          Facsimile: (504) 596-2859

          Attorneys for Plaintiff Smoothie King Franchises, Inc.

Of Counsel:

Sheldon H. Klein
D. Jacques Smith (La. Bar. No. 21106)
Jason J. Mazur
Arent Fox Kintner Plotkin & Kahn PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

445019 2

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 2,011,707
Registered Oct. 29, 1996

## TRADEMARK
## PRINCIPAL REGISTER

### LEMON TWIST

SMOOTHIE KING HOME OF THE MUSCLE PUNCH FRANCHISES, INC. (LOUISIANA CORPORATION)
2400 VETERANS MEMORIAL BLVD.
SUITE 110
KENNER, LA 70062

FOR: NON-ALCOHOLIC FROZEN DRINKS CONTAINING NATURAL INGREDIENTS AND FRUIT OR OTHER FLAVORINGS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 1-1-1991; IN COMMERCE 7-1-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LEMON", APART FROM THE MARK AS SHOWN.

SER. NO. 74-712,760, FILED 8-8-1995.

CHRIS WELLS, EXAMINING ATTORNEY





### Fox McKeithen
SECRETARY OF STATE

As Secretary of State, of the State of Louisiana, I do hereby Certify that

SMOOTHIE KING HOME OF THE MUSCLE PUNCH FRANCHISES, INC., a Louisiana corporation, located at 2725 Mississippi Avenue, Metairie, Louisiana 70003,

Has filed for record in this department an application for the trade name,

LEMON TWIST

Which was first used by applicant on March 10, 1992 which was first used in the State of Louisiana on March 1, 1992,

Together with sworn statement of application specifying the name of the company or individual on whose behalf the said trade name is filed and stating that the said company or individual has the right to such use.

I further certify that the said application was filed and recorded in this office on April 2, 1992, which recordation is for a term of ten years from the date hereof.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on

April 2, 1992



CV

*Secretary of State*


